UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE PACA TRUST CREDITORS OF LENNY
PERRY'S PRODUCE, INC.,

                              Plaintiffs,

        v.                                                          **DECISION AND ORDER**
                                                                    20-CV-251S
GENECCO PRODUCE, INC.[1] and
DAVID GENECCO,

                              Defendants.

1.      Presently before this Court are the defendants' objections to the January 28, 2020 Report and Recommendation of the Honorable Michael J. Kaplan, United States Bankruptcy Judge, which recommends, *inter alia*, that final judgment in the amount of $253,207.96 be granted in Plaintiff's favor.  Having reviewed the Report and Recommendation *de novo* after considering the Objections and the parties' submissions, see 28 U.S.C. § 157 (c)(1), as well as upon consideration of the decade-long history of this case, this Court accepts the Report and Recommendation in part and sets it aside in part.

2.      Plaintiffs, the PACA Trust Creditors of Lenny Perry's Produce, Inc., commenced this adversary proceeding in U.S. Bankruptcy Court in November 2009 seeking, among other things, to collect $204,774.88 that Defendant Genecco Produce Inc. ("GPI") owed to Debtor Lenny Perry's Produce, Inc., ("Lenny Perry") for numerous produce purchases from September 2005 to October 2008.  Because Lenny Perry and GPI both engaged in the buying and selling of produce, issues raised in these

_____

[1] Genecco Produce, Inc. is incorrectly identified in the caption of the case as "Genecco Products, Inc." The Clerk of Court will be directed to make this correction.

proceedings have implicated the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499a et. seq. ("PACA").  As noted in earlier related decisions, in light of the time sensitive and unsecured nature of agricultural commodities sales, Congress enacted PACA to protect produce sellers in the event of a buyer's default by creating a trust in the sellers' favor.  Accordingly, following Lenny Perry's Chapter 7 bankruptcy filing in January 2009, the PACA creditors moved in U.S. Bankruptcy Court for the establishment of a procedure by which to handle their claims that, pursuant to PACA, were entitled to priority over all other creditors, including secured creditors.  See 7 U.S.C. § 499e (c)(1).  For purposes of this decision, familiarity with the factual and procedural background of the case is assumed.[2]

3.     Following the Second Circuit's affirmance in this matter, see PACA Tr. Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce, Inc., 913 F.3d 268 (2d Cir. 2019), this Court asked Judge Kaplan to settle the final judgment to be entered in Plaintiff's favor.  After receiving and considering multiple submissions from the parties, Judge Kaplan recommends that this Court enter judgment in Plaintiff's favor against the defendants, jointly and severally, in the amount of $253,207.96.    (Report and Recommendation, Docket No. 1.)  He further recommends that that this Court order that the accruing of interest in favor of any party be deemed to have ceased on August 14, 2019.[3] Id.

4.     On April 15, 2020, the defendants filed Objections to Judge Kaplan's

---

[2] The most recent and pertinent background is found in three decisions: In re Lenny Perry's Produce, Inc., 14-MC-36S, 2015 WL 9581383 (Bankr. W.D.N.Y. Dec. 29, 2015) (Report and Recommendation); PACA Tr. Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce, Inc., 16-MC-4S, 2017 WL 2462035 (W.D.N.Y. June 7, 2017) (accepting Report and Recommendation); PACA Tr. Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce, Inc., 913 F.3d 268 (2d Cir. 2019) (affirming acceptance of Report and Recommendation).

[3] Neither party objected to this recommendation.

Report and Recommendation.  (Docket No. 4.)  In response, Plaintiff filed a Notice of Concurrence with the Report and Recommendation, but did not address any of the arguments raised in the defendants' Objections.  (Docket No. 7.)  This Court thereafter took the Objections under advisement without oral argument.  (Docket No. 3.)

5.     The defendants object to two aspects of the Report and Recommendation: the amount of the judgment and the imposition of joint and several liability.  As to the amount of the judgment, the defendants first argue that Judge Kaplan's Report and Recommendation must be rejected because it fails to set forth the method used to calculate the judgment.  But the defendants concede that Judge Kaplan "seemingly adopted Plaintiff's proposal in its entirety."  (Objections, Docket No. 4-1, p. 3.)  Indeed, Judge Kaplan accepted and adopted Plaintiff's proposed method of calculating the judgment, including interest, which was fully set forth and explained in its submission. See Report and Recommendation, p. 1 ("I recommend that judgment be entered . . . as requested by [Plaintiff] in [its] 'Amended Reply to Defendants' Opposition to Plaintiff's Report and Amended Report for Proper Judgment Amount against Adversary Defendants,' dated August 29, 2019.")  There is nothing wrong with Judge Kaplan's adoption of one party's method of calculation over another's.  And there is no support for the defendants' further contention that Judge Kaplan adopted Plaintiff's proposal without ever considering theirs.  (Memorandum of Law, Docket No. 4-1, p. 3.)  Judge Kaplan, in fact, discussed both proposals in the Report and Recommendation and even included each of them as exhibits.  (Report and Recommendation, Exhibits B and C.)

6.     Second, as to the merits of Plaintiff's adopted proposal, Defendants simply reiterate their competing proposal that Judge Kaplan rejected.  Having now reviewed

both proposals, this Court agrees with Judge Kaplan that Plaintiff's proposal presents a fair, well-reasoned method of determining a final judgment without permitting double recovery of interest. The defendants' objections to the contrary are unpersuasive. This portion of the Report and Recommendation will therefore be accepted.

7.      As to the imposition of joint and several liability, the defendants argue that the Report and Recommendation is contrary to the law of the case, which holds that Defendant David Genecco is liable for the judgment only if Defendant GPI fails to satisfy it.  The defendants are correct.  In a previous Report and Recommendation, Judge Kaplan recommended that judgment be issued against Defendant David Genecco only secondarily, enforceable only if Defendant GPI fails to satisfy the judgment within 60 days of its entry.  In re Lenny Perry's Produce, Inc., 14-MC-36S, 2015 WL 9581383, at *5-6 (Bankr. W.D.N.Y. Dec. 29, 2015).  This Court accepted that recommendation, see PACA Tr. Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce, Inc., 16-MC-4S, 2017 WL 2462035, at *2 (W.D.N.Y. June 7, 2017), and the Second Circuit affirmed, see PACA Tr. Creditors of Lenny Perry's Produce, 913 F.3d at 278.  This portion of the Report and Recommendation will therefore be set aside, and judgment will be imposed consistent with the previous decisions in this case.

8.      Consequently, for the reasons stated above, the defendants' objections are granted in part and denied in part, and the Report and Recommendation is accepted in part and set aside in part.


IT HEREBY IS ORDERED, that the Report and Recommendation (Docket No. 1) is ACCEPTED in part and SET ASIDE in part.

FURTHER, that the defendants' Objections (Docket No. 4) are GRANTED in part and DENIED in part.

FURTHER, that the Clerk of Court is directed to ENTER JUDGMENT as follows:

> Judgment is hereby entered in Plaintiff's favor against Defendant Genecco Produce, Inc., in the amount of $253,207.96, inclusive of all interest, with interest deemed to have ceased on August 14, 2019.  Further, that judgment in the same amount and on the same terms is hereby secondarily entered against Defendant David Genecco, enforceable only if Defendant Genecco Produce, Inc., fails to satisfy this judgment within 60 days of its entry date.

FURTHER, that the Clerk of Court is directed to CORRECT the caption of the case to reflect the proper defendant—Genecco Produce, Inc.

FURTHER, that the Clerk of the Court is directed to ENTER JUDGMENT as directed and then CLOSE this case.

SO ORDERED.

Dated:  June 11, 2020
        Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
Western District of New York

5